1  K. Randolph Moore, Esq. SBN 106933
   MOORE LAW FIRM, P.C.
2  332 N. Second Street
   San Jose, CA 95112
3  Telephone (408) 271-6600
   Facsimile (408) 298-6046
4
   Attorneys for Plaintiff
5

ADR

E-Filing Filed

OCT 0 6 2009

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA WALLEN, | No. C09 04746 |
| Plaintiff, | Plaintiff's Complaint |
| vs. | |
| McDONALD'S RESTAURANTS OF CALIFORNIA, INC., McDONALDS CORPORATION, RICHARD V. COLOMBINI, and Does 1 - 10, | |
| Defendants. | |

### I.    SUMMARY

1.    This is a civil rights action by plaintiff Theresa Wallen ("Wallen") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as:

McDonald's Store #603
1435 S. Winchester Blvd.
San Jose, CA 95128
(hereafter "the Restaurant")

2.    Wallen seeks damages, injunctive and declaratory relief, attorney fees and costs, against McDonald's Corporation dba McDonald's Store #603 ("McDonald's"); Richard V. Colombini, and Does 1 – 10, pursuant to the

*Wallen v. McDonald's Corporation, dba McDonald's, et al.*

Plaintiff's Complaint

1  Americans with Disabilities Act of 1990, (42 U.S.C. §§ 12101 et seq.) and
2  related California statutes.

### II.    JURISDICTION

3.    This Court has original jurisdiction under 28 U.S.C. §§ 1331 and
1343 for ADA claims.

4.    Supplemental jurisdiction for claims brought under parallel
California law – arising from the same nucleus of operative facts – is predicated
on 28 U.S.C. § 1367.

5.    Wallen's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

### III.    VENUE

6.    All actions complained of herein take place within the jurisdiction
of the United States District Court, Northern District of California, and venue is
invoked pursuant to 28 U.S.C. § 1391(b),(c).

### IV.    PARTIES

7.    MCDONALD'S CORPORATION, dba McDonald's Store #603
owns, operates, and/or leases the Restaurant, and consists of a person (or
persons), firm, and/or corporation.

8.    Wallen is legally blind, suffers from a damaged nervous system in
her legs impeding her ability to walk and requires use of a wheelchair when
traveling about in public.  Consequently, Wallen is "physically disabled," as
defined by all applicable California and United States laws, and a member of
the public whose rights are protected by these laws.

### V.    FACTS

9.    The Restaurant is a public accommodation facility serving food
and drink, open to the public, which is intended for nonresidential use and
whose operation affects commerce.

*Wallen v. McDonald's Corporation,  dba McDonald's, et al.*

Plaintiff's Complaint

1    10.    Wallen visited the Restaurant and encountered barriers (both
2  physical and intangible) that interfered with – if not outright denied – her ability
3  to use and enjoy the goods, services, privileges, and accommodations offered at
4  the facility.   To the extent known by Wallen, the barriers at the Restaurant
5  included, but are not limited to, the following:

6    • A warning sign regarding the penalty for unauthorized use of designated
7       disabled parking spaces is not posted conspicuously at each entrance to
8       the off-street parking facilities:

9          o A presently posted sign contains incorrect warning;
10         o A presently posted sign is not correctly installed;
11         o A presently posted sign does not include appropriate information;

12   • There are no required signs posted along exterior routes of travel
13      displaying the international symbol of accessibility;

14   • There is no accessible route within the boundary of the Restaurant site
15      provided to an accessible building entrance from:

16         o Public transportation stop;
17         o Accessible parking spaces;
18         o Public streets and sidewalks.

19   • There is no signage containing the International Symbol of Accessibility
20      provided at any public entrance to the Restaurant;

21   • The surface slope of the level area in front of the public entrances
22      exceeds 1:50 gradient (2%);

23   • The required number of accessible parking stalls is not provided;

24   • There is no "van-accessible" parking stall provided;

25   • The illegal ramp encroaches into access aisle located to the left of the
26      stall nominally designated accessible;

27

28

*Wallen v. McDonald's Corporation,  dba McDonald's, et al.*

Plaintiff's Complaint

1  
2  
3  
4  
5  
6  
7  
8  
9  
10  
11  
12  
13  
14  
15  
16  
17  
18  
19  
20  
21  
22  
23  
24  
25  
26  
27  
28

- Surface of the parking spaces nominally designated accessible exceeds 1:50 gradient (2.0%);
- Surface of the access aisle exceeds 1:50 gradient (2.0%);
- Parking spaces nominally designated accessible are not configured properly;
- The access aisle is less than required length;
- The parking place signage provided is incorrect;
- The required van accessible parking space signage is not provided;
- There is no "Minimum Fine $250.00" sign posted at parking spaces nominally designated accessible;
- Surface identification of the loading and unloading access aisle nominally designated as accessible does not comply with striping regulations:
  - o Words "NO PARKING" do not appear within nominally designated access aisle;
  - o The loading and unloading access aisle is not marked by a blue border;
- There is no detectable warning surface present at the illegal ramp located within the access aisle;
- There is no edge protection along the sides of the ramp;
- The slope of the ramp exceeds maximum allowed 8.33%;
- The cross slope of the exterior pathway exceeds 1:50 gradient (2.0%);
- There are abrupt changes in level between the sidewalk and adjacent parking area which requires edge protection;
- Sanitary facilities do not display proper ISA signs;
- There is no tactile signage identifying restrooms;

*Wallen v. McDonald's Corporation,  dba McDonald's, et al.*

Plaintiff's Complaint

- The sanitary facility entry configuration does not provide adequate maneuvering space for a person using a wheelchair;
- The sanitary facility door takes more than 5 pounds to operate;
- The sanitary facility door requires use of both hands simultaneously in order to open the door;
- The sanitary facility door handle requires twisting;
- The sanitary facility door opens into a very narrow sloped walkway creating a serious hazard;
- The floor mounted water closet seat is lower than 17";
- The toilet seat dispenser is located more than 40" above the floor;
- The operable part of the dryer is located more than 40" above the floor;
- The operable part of the toilet paper dispenser is located more than 40" above floor;
- The operable part of the toilet seat dispenser is located more than 40" above floor;
- The lavatory does not provide necessary knee clearance;
- The drain and/or hot water piping inside the lavatory is not insulated or configured to prevent contact;
- The drink dispenser controls are inaccessible and are not operable with a closed fist;
- The condiments and drink lids provided are located more than 40" above floor;
- There is no seating designated accessible inside the restaurant;

These barriers prevented Wallen from enjoying full and equal access.

11.     Wallen was also deterred from visiting the Restaurant because she became aware that the Restaurant's goods, services, facilities, privileges, advantages, and accommodations were unavailable to physically disabled

*Wallen v. McDonald's Corporation,  dba McDonald's, et al.*

Plaintiff's Complaint

1   patrons.  Wallen continues to be deterred from visiting the Restaurant because
2   of the future threats of injury created by these barriers.

3        12.    Wallen also encountered barriers at the Restaurant, which violate
4   state and federal law, but were unrelated to Wallen's disability.  Nothing within
5   this complaint, however, should be construed as an allegation that Wallen is
6   seeking to remove barriers unrelated to Wallen's disability.

7        13.    McDonald's knew that these elements and areas of the Restaurant
8   were inaccessible, violate state and federal law, and interfere with (or deny)
9   access to the physically disabled.  Moreover, McDonald's has the financial
10  resources to remove these barriers from the Restaurant (without much difficulty
11  or expense), and make the Restaurant accessible to the physically disabled.  To
12  date, however, McDonald's refuses to either remove those barriers or seek an
13  unreasonable hardship exemption to excuse non-compliance.

14       14.    At all relevant times, McDonald's has possessed and enjoyed
15  sufficient control and authority to modify the Restaurant to remove
16  impediments to wheelchair access and to comply with the Americans with
17  Disabilities Act Accessibility Guidelines and Title 24 regulations.  McDonald's
18  has not removed such impediments and has not modified the Restaurant to
19  conform to accessibility standards.  McDonald's has intentionally maintained
20  the Restaurant in its current condition and has intentionally refrained from
21  altering the Restaurant so that it complies with the accessibility standards.

22       15.    Wallen further alleges that the (continued) presence of barriers at
23  the store is so obvious as to establish McDonald's discriminatory intent.[1]  On
24  information and belief, Wallen avers that evidence of this discriminatory intent
25  includes McDonald's' refusal to adhere to relevant building standards;
26

27  _____
    [1] E.g., <u>Gunther v. Lin</u>, 144 Cal.App.4th 223, fn.6
28
    *Wallen v. McDonald's Corporation,  dba McDonald's, et al.*

    Plaintiff's Complaint

    Page 6

disregard for the building plans and permits issued for the Restaurant; conscientious decision to the architectural layout (as it currently exists) at the Restaurant; decision not to remove barriers from the Restaurant; and allowance that McDonald's property continues to exist in its non-compliance state. Wallen further alleges, on information and belief, that McDonald's Store #603 is not in the midst of a remodel, and that the barriers present at the Restaurant are not isolated (or temporary) interruptions in access due to maintenance or repairs.[2]

## VI.   FIRST CLAIM

### Americans with Disabilities Act of 1990

#### Denial of "Full and Equal" Enjoyment and Use

16.   Wallen incorporates the allegations contained in paragraphs 1 through 15 for this claim.

17.   Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

18.   McDonald's discriminated against Wallen by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges and accommodations of the Restaurant during each visit and each incident of deterrence.

#### Failure to Remove Architectural Barriers in an Existing Facility

19.   The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal

---

[2] Id.; 28 C.F.R. § 36.211(b)

*Wallen v. McDonald's Corporation, dba McDonald's, et al.*

Plaintiff's Complaint

1   is readily achievable.   42 U.S.C. § 12182(b)(2)(A)(iv).   The term "readily
2   achievable" is defined as "easily accomplishable and able to be carried out
3   without much difficulty or expense." Id. § 12181(9).

4       20.   When an entity can demonstrate that removal of a barrier is not
5   readily achievable, a failure to make goods, services, facilities, or
6   accommodations available through alternative methods is also specifically
7   prohibited if these methods are readily achievable.  Id. § 12182(b)(2)(A)(v).

8       21.   Here, Wallen alleges that McDonald's can easily remove the
9   architectural barriers at Restaurant without much difficulty or expense, and that
10  McDonald's violated the ADA by failing to remove those barriers, when it was
11  readily achievable to do so.

12      22.   In the alternative, if it was not "readily achievable" for
13  McDonald's to remove the Restaurant's barriers, then McDonald's violated the
14  ADA by failing to make the required services available through alternative
15  methods, which are readily achievable.

16      Failure to Design and Construct and Accessible Facility

17      23.   On information and belief, the Restaurant was designed and
18  constructed (or both) after January 26, 1992 – independently triggering access
19  requirements under Title III or the ADA.

20      24.   The ADA also prohibits designing and constructing facilities or
21  first occupancy after January 16, 1993, that aren't readily accessible to, and
22  usable by, individuals with disabilities when it was structurally practicable to do
23  so. 42 U.S.C. § 12183(a)(1).

24      25.   Here, McDonald's violated the ADA by designing and
25  constructing (or both) the Restaurant in a manner that was not readily accessible

26

27

28

*Wallen v. McDonald's Corporation,  dba McDonald's, et al.*

Plaintiff's Complaint

1  to the physically disabled public – including Wallen – when it was structurally
2  practical to do so.[3]

3  <u>Failure to Make an Altered Facility Accessible</u>

4      26.   On information and belief, the Restaurant was modified after
5  January 26, 1992, independently triggering access requirements under the
6  ADA.

7      27.   The ADA also requires that facilities altered in a manner that
8  affects (or could affect) its usability must be made readily accessible to
9  individuals with disabilities to the maximum extent feasible.  42 U.S.C. §
10  12183(a)(2).  Altering an area that contains a facility's primary function also
11  requires adding making the paths of travel, bathrooms, telephones, and drinking
12  fountains serving that area accessible to the maximum extent feasible. <u>Id</u>.

13     28.   Here, McDonald's altered the Restaurant in a manner that violated
14  the ADA and was not readily accessible to the physically disabled public –
15  including Wallen – to the maximum extent feasible.

16  <u>Failure to Modify Existing Policies and Procedures</u>

17     29.   The ADA also requires reasonable modifications in policies,
18  practices, or procedures, when necessary to afford such goods, services,
19  facilities, or accommodations to individuals with disabilities, unless the entity
20  can demonstrate that making such modifications would fundamentally alter
21  their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

22     30.   Here, McDonald's violated the ADA by failing to make reasonable
23  modifications in policies, practices, or procedures at the Restaurant, when these
24  modifications were necessary to afford (and would not fundamentally alter the
25  nature of) these goods, services, facilities, or accommodations.

26

27  _____

[3] Nothing within this Complaint should be construed as an allegation that plaintiff is bringing
28  this action as a private attorney general under either state of federal statutes.
<i>Wallen v. McDonald's Corporation, dba McDonald's, et al.</i>

Plaintiff's Complaint

31.    Wallen seeks all relief available under the ADA (i.e., injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

32.    Wallen also seeks a finding from this Court (i.e., declaratory relief) that McDonald's violated the ADA in order to pursue damages under California's Unruh Civil Rights Act or Disabled Persons Act.

## VII.    SECOND CLAIM

### Disabled Persons Act

33.    Wallen incorporates the allegations contained in paragraphs 1 through 30 for this claim.

34.    California Civil Code § 54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.

35.    California Civil Code § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.

36.    Both sections specifically incorporate (by reference) and individual's rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

37.    Here, McDonald's discriminated against the physically disabled public – including Wallen – by denying them full and equal access to the Restaurant.  McDonald's also violated Wallen's rights under the ADA, and therefore, infringed upon or violated (or both) Wallen's rights under the Disabled Persons Act.

38.    For each offense of the Disabled Persons Act, Wallen seeks actual damages (both general and special damages), statutory minimum damages of

*Wallen v. McDonald's Corporation,  dba McDonald's, et al.*

Plaintiff's Complaint

1  one thousand dollars ($1,000), declaratory relief, and any other remedy
2  available under California Civil Code § 54.3.

3      39.    He also seeks to enjoin McDonald's from violating the Disabled
4  Persons Act (and ADA) under California Civil Code § 55, and to recover
5  reasonable attorneys' fees and incurred under California Civil Code §§ 54.3 and
6  55.

7                              VIII.  THIRD CLAIM
8                            **Unruh Civil Rights Act**

9      40.    Wallen incorporates the allegations contained in paragraphs 1
10  through 30 for this claim.

11      41.    California Civil Code § 51 states, in part, that;  All persons within
12  the jurisdiction of this state are entitled to the full and equal accommodations,
13  advantages, facilities, privileges, or services in all business establishments of
14  every kind whatsoever.

15      42.    California Civil Code § 51.5 also states, in part that: No business
16  establishment of any kind whatsoever shall discriminate against any person in
17  this state because of the disability of the person.

18      43.    California Civil Code § 51(f) specifically incorporates (by
19  reference) an individual's rights under the ADA into the Unruh Act.

20      44.    McDonald's aforementioned acts and omissions denied the
21  physically  disabled  public  –  including  Wallen  –  full  and  equal
22  accommodations, advantages, facilities, privileges and services in a business
23  establishment (because of their physical disability).

24      45.    These acts and omissions (including the ones that violate the
25  ADA) denied, aided or incited a denial, or discriminated against Wallen by
26  violating the Unruh Act.

27

28

*Wallen v. McDonald's Corporation,  dba McDonald's, et al.*

Plaintiff's Complaint

46.     Wallen was damaged by McDonald's wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) for each offense.

47.     Wallen also seeks to enjoin McDonald's from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

## IX. FOURTH CLAIM

### Denial of Full and Equal Access to Public Facilities

48.     Wallen incorporates the allegations contained in paragraphs 1 through 13 of this claim.

49.     Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (build with private funds) shall adhere to the provisions of Government Code §4450.

50.     Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

51.     Wallen alleges the Restaurant is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Restaurant was not exempt under Health and Safety Code § 19956.

52.     McDonald's' non-compliance with these requirements at the Restaurant aggrieved (or potentially aggrieved) Wallen and other persons with physical disabilities. Accordingly, he seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

## X.     PRAYER FOR RELIEF

WHEREFORE, Wallen prays judgment against McDonald's for:

1. Injunctive relief, preventive relief, or any other relief the Court deems proper.

*Wallen v. McDonald's Corporation, dba McDonald's, et al.*

Plaintiff's Complaint

2. Declaratory relief that McDonald's violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages.

3. Statutory minimum damages under either sections 52(a) or 54.3(a) of the California Civil Code (but not both) according to proof.

4. Attorneys' fees, litigation expense, and costs of suit.[4]

5. Interest at the legal rate from the date of the filing of this action.

Dated: October 6, 2009

K. Randolph Moore
Attorney for Plaintiff

---

[4] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*Wallen v. McDonald's Corporation, dba McDonald's, et al.*

Plaintiff's Complaint